IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 5:05CR00016-03 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| JAMES C. GRAHAM, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Senior United States District Judge |

Defendant James C. Graham, through counsel, has moved to reduce his term of supervised release pursuant to the First Step Act of 2018. The motion has been briefed and is ripe for review. For the following reasons, the court will grant Graham's motion.

On April 6, 2005, a grand jury in the Western District of Virginia returned a multi-count indictment against Graham and three co-defendants. On April 28, 2006, Graham entered pleas of guilty to Counts One through Five of the indictment. Count One charged Graham with conspiracy to distribute 50 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. Counts Two through Five charged Graham with distribution of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

At the time of Graham's indictment, 21 U.S.C. § 841(b)(1) (2000) mandated a term of imprisonment of 10 years to life and a term of supervised release of at least 5 years for a violation of § 841(a)(1) involving 50 grams or more of a mixture or substance containing cocaine base, § 841(b)(1)(A)(iii); a term of imprisonment of 5 to 40 years and a term of supervised release of at least 4 years for a violation involving 5 grams or more of a mixture or substance containing cocaine base, § 841(b)(1)(B)(iii); and a term of imprisonment of not more than 20 years and a term of supervised release of at least 3 years for a violation involving an

indeterminate quantity of cocaine base, § 841(b)(1)(C). Thus, for the offense charged in Count One, Graham was subject to a statutory sentencing range of 10 years to life imprisonment and at least 5 years of supervised release.

At the time of sentencing on July 21, 2006, Graham was held accountable for 1.37 kilograms of cocaine base. With a total offense level of 33 and a criminal history category of IV, the recommended range of imprisonment under the United States Sentencing Guidelines was 188 to 235 months. The court sentenced Graham to a term of imprisonment of 210 months, to be followed by a 5-year term of supervised release.

In May of 2008, Graham received a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines. The court reduced Graham's term of imprisonment to 168 months. In July of 2015, the court further reduced Graham's term of imprisonment to 135 months pursuant to § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.

Graham has completed his custodial sentence and is currently serving the 5-year term of supervised release imposed by the court. He now moves for an order reducing his term of supervised release to 4 years pursuant to the First Step Act of 2018.

Section 404 of the First Step Act permits courts to retroactively apply the statutory penalties modified by the Fair Sentencing Act of 2010. See Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018); see also 18 U.S.C. § 3582(c)(1)(B) (authorizing courts to modify a sentence of imprisonment "to the extent otherwise expressly permitted by statute"). In particular, Section 404 provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the

covered offense was committed." Pub. L. No. 115-391, § 404, 132 Stat. at 5222. The Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties of which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Id.

Upon review of the record, the court concludes that Graham is eligible for a sentence reduction under the First Step Act. It is clear from existing precedent that the statutory violation with which Graham was charged in Count One of the indictment is a "covered offense" for purposes of the Act. The violation was committed before August 3, 2010, and the applicable statutory penalties were modified by Section 2 of the Fair Sentencing Act, which "reduced the penalties for specific cocaine-related offenses punishable under 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B)." United States v. Venable, 943 F.3d 187, 188 (4th Cir. 2019). As relevant in the instant case, Section 2 of the Fair Sentencing Act increased the amount of cocaine base required to trigger the statutory penalties set forth in § 841(b)(1)(A)(iii) from 50 grams to 280 grams. See Pub. L. No. 111-220, § 2(a), 124 Stat. at 2372. Because Graham is still serving part of the sentence imposed for a pre-August 3, 2010 violation of § 841(b)(1)(A)(iii), he is eligible for relief under the First Step Act. See United States v. Wirsing, 943 F.3d 175, 185 (4th Cir. 2019) (agreeing with the defendant that "any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (b)(iii)—both of which were modified by Section 2 of the Fair Sentencing Act, see Fair Sentencing Act § 2(a), 124 Stat. at 2372—is serving 'a sentence for a covered offense' and may seek a sentence reduction under the First Step Act"); Venable, 943 F.3d at 193 (holding that a defendant convicted of a "covered offense" under the First Step Act is eligible for a reduction "so long as he is serving any part of his sentence for that offense," including a term of supervised release) (internal quotation marks omitted).

When the Fair Sentencing Act is retroactively applied in Graham's case, the statutory sentencing range for the offense charged in Count One is 5 to 40 years of imprisonment and at least 4 years of supervised release. See 21 U.S.C. § 841(b)(1)(B) (2012) (setting forth the statutory penalties applicable to offenses involving 28 grams or more of a mixture or substance containing cocaine base). After considering the parties' arguments and the sentencing factors set forth in 18 U.S.C. § 3553(a), the court will exercise its authority to reduce Graham's term of supervised release to 4 years. All other terms of the original sentence will remain the same.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant, all counsel of record, and the United States Probation Office.

DATED: This 30th day of December, 2019.

_____
Senior United States District Judge